UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> NICOLE DORROUGH, *also known as* Nicole Devorce, <br><br> Defendant. | 4:24-CR-40062-04-KES <br><br><br> ORDER DENYING MOTION TO REDUCE SENTENCE |

Defendant, Nicole Dorrough, filed a pro se motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to her sentence pursuant to Parts A and B of Amendment 821 to the United States Sentencing Guidelines. Docket 269. Plaintiff, the United States of America, opposes Dorrough's motion. Docket 272. For the following reasons, Dorrough's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a § 3582(c) motion is well established. As the Supreme Court has made clear, § 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence

modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

Dorrough's Guidelines range, based on a total offense level of 25 and a Criminal History Category of I, was 57-71 months' custody. Docket 221 ¶ 124. Dorrough did not commit the offenses while under a criminal justice sentence. *See id.* ¶¶ 91-95. On January 26, 2026, the court granted Dorrough a downward variance and sentenced her to 34 months in custody for conspiracy

2

to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). Docket 225; Docket 226 at 1.

On June 8, 2026, Dorrough filed a motion requesting a reduction to her sentence pursuant to retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 269. She now requests a sentence of 12 months' custody. *Id.* Dorrough's motion asserts that she qualifies for a sentence reduction "[u]nder Amendment 82, pursuant to § 2B1.1(F)." *Id.* at 1. The court assumes that Dorrough is requesting a sentence reduction under Parts A and B to Amendment 821.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subjections [4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal judicial sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Dorrough does not qualify for a reduction under Part A because she was already sentenced under the amended provision in U.S.S.G. § 4A1.1(e)–she did not receive any "status points" because she was not under any criminal justice sentence and she had zero criminal history points. *See* Docket 221 ¶¶ 91-95. Thus, Dorrough's request for a sentence reduction under U.S.S.G. § 4A1.1(e) is

denied.

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4C1.1. The amended provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1. Dorrough does not qualify for additional reduction under Part B because she was already sentenced under the amended provision and received a two-point reduction for being a zero-point offender under U.S.S.G. § 4C1.1(a). Docket 221 ¶ 87. Thus, Dorrough's request for a duplicative sentence reduction under U.S.S.G. § 4A1.1(c) is denied.

Based on the considerations outlined above, Dorrough's request for a sentence reduction is denied. Thus, it is

4

ORDERED that Dorrough's motion (Docket 269) is DENIED.

Dated July 30, 2026.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE